# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES BUCHANAN,<br><br>    Petitioner,<br>v.<br><br>MATTHEW CATE, Secretary; and<br>EDMUND G. BROWN, JR., the Attorney<br>General of the State of California,<br><br>    Respondents. | Civil No. 10cv423 BTM (NLS)<br><br>**REPORT AND RECOMMENDATION RE DENYING MOTION FOR STAY AND ABEYANCE AND PROVIDING PETITIONER WITH OPTIONS TO AVOID DISMISSAL**<br><br>[Doc. No. 2] |

Richard Charles Buchanan (Petitioner) is a California prisoner serving a term of forty-five years to life plus ten years. He filed a pro se petition for a writ of habeas corpus (Petition) in this court pursuant to 28 U.S.C. § 2254 with nine claims. Petitioner asks this court to stay these federal proceedings while he returns to state court to exhaust seven of the nine claims. He argues the claims are meritorious and that good cause exists for the stay and abeyance. Respondent opposes the request for stay, contending Petitioner has not demonstrated good cause for his failure to present the claims to the state courts in his previous state court filings. For the reasons outlined below, this Court **RECOMMENDS** that the motion for stay and abeyance be **DENIED**, and that Petitioner be instructed on his options for how to proceed with this mixed Petition.

## PROCEDURAL HISTORY

On April 24, 2006, a jury convicted Petitioner and co-defendant Steve Domingo Parraz of kidnapping for extortion, assault with a semi-automatic firearm and making a criminal threat, and found

that those crimes were committed for the benefit of a criminal street gang, the Mexican Mafia. Lodgment 7 at 1-2. The jury also convicted Petitioner of being a felon in possession of a firearm, transportation of a controlled substance, possession of a controlled substance for sale, and possession of a controlled substance. Lodgment 7 at 2. The jury found that both Petitioner and Parraz personally used a firearm in the commission of the kidnapping. *Id.* In a bifurcated trial, the trial court found that Petitioner had three prior serious or violent felony "strike" convictions. *Id.* Under the "Three Strikes" law, on March 16, 2007 Petitioner was sentenced to forty-five years to life for the kidnapping, plus a consecutive ten years for the firearm enhancement. *Id.* The trial court sentenced Parraz to an indeterminate term of fifteen years to life for the kidnapping, plus a consecutive ten years for the firearm enhancement. *Id.*

Petitioner and Parraz jointly filed an appeal in the case *Steve Domingo Parraz et al.* Lodgments 1, 2. On November 21, 2007, Petitioner filed his opening brief that claimed (1) the trial court erred because it should have limited the scope of the expert gang evidence and (2) should have not allowed lay opinion evidence on the Mexican Mafia prison gang; and (3) trial counsel was ineffective because he failed to challenge and/or object to the admission of the intercepted telephone conversations and irrelevant and inflammatory testimony. Lodgment 1. Petitioner also joined in all arguments presented by his co-appellant Parraz. Lodgment 1 at 77. In Parraz's opening brief, Parraz argued the trial court erred because (1) there was insufficient evidence to support his convictions for making a criminal threat and (2) assault with a semi-automatic firearm; (3) substitute counsel was ineffective with respect to the motion for new trial; and (4) the court should have set a minimum parole eligibility date. Lodgment 2.

On September 10, 2008, the California court of appeal affirmed the judgment against Petitioner in its entirety. Lodgment 7. It modified Parraz's sentence due a sentencing error but otherwise affirmed all aspects of the judgment. *Id.*

On October 14, 2008 Petitioner and Parraz filed separate petitions for review in the California Supreme Court and also joined in each other's claims. Lodgments 8, 9. Petitioner brought two of the three claims he presented to the court of appeal, arguing that (1) the trial court should have limited the scope of expert gang evidence and (2) trial counsel was ineffective for failing to challenge admission of certain evidence. Lodgment 8. Parraz presented three of the same claims he presented to the court of

appeal, and excluded the claim that the court should have set a minimum parole eligibility date. Lodgment 9. The California Supreme Court denied Petitioner's and Parraz's petitions for review without comment on November 19, 2008. Lodgment 10.

On September 24, 2008, Petitioner filed a habeas petition in San Diego Superior Court alleging six claims. Lodgment 11, p.3. On December 31, 2009, that court denied the petition on two bases: (1) applying the *Dixon* rule, which prohibits habeas relief on issues that could have been raised on appeal, the court found that Petitioner should have first raised these issues on appeal; and (2) the court denied the merits of all six claims. Lodgment 11, pp.7-23.

On February 12, 2010, Petitioner filed this Petition, claiming (1) the prosecutor used perjured testimony to obtain the conviction, in violation of Petitioner's rights to a fair trial and due process; (2) there was no probable cause or reasonable suspicion of criminal activity to support the detention of Petitioner's vehicle, in violation of Petitioner's right to be free of unreasonable searches and seizures; (3) the conviction was based on false wiretap evidence; (4) the state failed to disclose "Brady" evidence that it had in its possession; (5) judicial bias contributed to Petitioner's conviction, denying him of his due process and fair trial rights; (6) the excessive security imposed on Petitioner at trial was not reasonably necessary; (7) the conviction was obtained based on prosecutorial misconduct; (8) the scope of the expert gang evidence and expert opinion admitted was prejudicially erroneous, and/or defense counsel was ineffective in failing to object to the scope of the expert testimony; and (9) counsel was ineffective based on a number of acts and omissions that deprived Petitioner of his sixth amendment right to counsel and right to a fair trial. Pet'n at 6-9. Petitioner acknowledged that he did not raise claims 1-7 to the California Supreme Court. *Id*. At the time he filed the Petition, Petitioner also filed a motion for stay and abeyance.

The court ordered Respondent to file an opposition to the motion for stay and abeyance. On March 22, 2010, Respondent filed an opposition. On May 6, 2010, the court granted Petitioner's motion for extension of time to file a reply to the opposition, which he filed on May 14, 2010.

Meanwhile, on March 29, 2010, Petitioner had filed a habeas petition in the court of appeal. Lodgment 12. He asserts eight of the nine grounds for relief asserted in this Petition, and excludes the claim involving the scope of the expert gang evidence and opinion. Lodgment 12.

## **DISCUSSION**

**A.     Legal Standard**.

The Supreme Court rule of "total exhaustion" requires all claims in a habeas petition to be exhausted before a federal court can act on the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of this total exhaustion requirement, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), with a one-year statute of limitations to file federal petitions. 28 U.S.C. § 2244(d)(1). This statute of limitations is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral review. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2006) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. Absent some other basis for tolling, however, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

Habeas petitioners should first seek relief in state court, because those who file mixed petitions (i.e. a petition containing both exhausted and unexhausted claims) in federal court run the risk of losing the opportunity for any federal review of their unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Petitioners who file mixed petitions must either withdraw any unexhausted claims and proceed only on exhausted claims, or dismiss the entire mixed petition and return later to federal court with a new petition containing only exhausted claims. *Jackson v. Roe*, 425 F.3d 654, 658-659 (9th Cir. 2005); *see James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir. 2000).

District courts have limited discretion to stay and hold in abeyance a mixed habeas petition so that a petitioner can return to state court to exhaust additional claims. *Rhines*, 544 U.S. at 277. This stay-and-abeyance procedure is available only in the following limited circumstances: (1) good cause exists for the petitioner's failure to exhaust; (2) the unexhausted claims are not meritless; and (3) the petitioner has acted with reasonable diligence to exhaust the unexhausted claims. *Id.* at 277-278.

**B.     Petitioner's Motion for Stay and Abeyance**.

Petitioner asks this court to stay his Petition while he proceeds to exhaust claims 1-7 of the Petition in the state courts.  He argues that good cause exists for failing to exhaust his state court remedies because Petitioner (1) is overwhelmed with litigation given that since his arrest and arraignment on the underlying case here, he was charged and arraigned on 58 additional counts with special allegations attached to each, spread out over three cases in different courts; (2) suffers from various debilitating health problems that have only been treated with pain medication while he was housed at San Diego Central Jail from August 25, 2004 to May 28, 2009; (3) has not had yet reviewed the complete file in this case because access to the file was blocked or legal material has disappeared or been confiscated; (4) has lost communication with others because when he arrived in prison on May 28, 2009 Petitioner's surname was changed from "Buchanan" to "Garcia;" (5) is not trained in the law and has limited access to the law library; (6) was misled by an undercover FBI informant and Petitioner thought she was going to get a home loan to retain private counsel to represent Petitioner on appeal and habeas review, which caused him to wait to initiate these matters himself; and (7) has been unable to retain counsel because he cannot afford it.  Buchanan Decl., Ex. B.  He also argues his claims are meritorious and that he has acted diligently.

AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Rhines*, 544 U.S. at 276-277.  "*Rhines* explicitly acknowledges AEDPA's dual purposes:  (1) to reduce delays in executing state and federal criminal sentences, and (2) to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Under *Rhines*, district courts may only stay a mixed petition of exhausted and unexhausted claims in limited circumstances and when there is "good cause for the petitioner's failure to exhaust his claims first in state court."  544 U.S. at 277.  The Supreme Court did not define the good cause standard in *Rhines*.  In the Ninth Circuit, good cause is, without further clarification, a standard less stringent than the "extraordinary circumstances" standard for equitable tolling of the statute of limitations.  *See Jackson*, 425 F.3d at 661-662.  District courts within the Ninth Circuit have more narrowly defined the standard.  Some have required the showing of "some objective factor external to the petitioner" that

prevented timely exhaustion. *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005). Others have equated the good cause standard to "excusable neglect." *See Corjasso v. Ayers*, 2006 WL 618380, 1 (E.D. Cal. 2006). The latter interpretation considers such factors as prejudice to the non-moving party, length of the delay and its effect on efficient court administration, whether the delay was caused by factors beyond the control of the movant and good faith. *Id.* at 1.

This court finds that Petitioner has not demonstrated good cause under either of the above interpretations. First, all the reasons Petitioner lists in his declaration go to explain why he waited over ten months to file his habeas petition in the San Diego Superior Court; he does not offer any reason why he did not raise the seven claims on direct appeal. Petitioner did not, for example, show that his appellate attorney went against Petitioner's wish to include the seven claims. He does not claim ineffective assistance of appellate counsel. And, Petitioner knew about all seven claims at the time of his appeal because all the claims deal with issues that arose at trial.

In sum, Petitioner does not point to any external factors or excusable neglect that might explain his decision not to raise the seven claims on appeal. Therefore, this court finds that Petitioner does not have good cause under *Rhines* to stay and abey the Petition.

**C.    Withdraw and Abeyance.**

Petitioner moved to stay and abey the Petition; he did not expressly move to withdraw the unexhausted claims and hold the exhausted claims in abeyance. The court notes, however, that the "withdraw and abey" procedure is an available option for Petitioner, and the court offers it as an option for proceeding with the mixed Petition.

The "withdraw and abey" procedure is an available alternative to the Supreme Court's "stay and abeyance" procedure outlined in *Rhines*. *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009). Under the "*Kelly* procedure," where a petitioner files a mixed petition, the petitioner may withdraw the unexhausted claims in order to return to state court and exhaust those claims while the federal court holds the fully-exhausted petition in abeyance. *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2002). The Petitioner may then seek to amend the petition to include the newly-exhausted claims. *Id.* at 1070-71. The *Kelly* procedure, unlike the *Rhines* procedure, does not require a showing of good cause for the failure to timely exhaust.

The *Kelly* procedure is distinct from the *Rhines* procedure because it is less likely to provide for the type of abuse that the *Rhines* court sought to eliminate by its good cause standard, and it is also more risky. *King*, 564 F.3d at 1140-41. Under *Kelly*, when the petitioner seeks to amend the stayed petition, he must demonstrate that his newly-exhausted claims are timely and relate back to the stayed petition (i.e. they share a common core of operative facts with the stayed claims). *Id.* at 1141. But "demonstrating timeliness will often be problematic[:]"

> Because the *Kelly* procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal complaint later, the *Kelly* procedure, unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim.

*Id.*

Further, when determining whether a claim relates back, the court may only look to the claims properly included (i.e. exhausted) in the original petition. *Id.* at 1141-42. To allow otherwise would in essence vitiate the rule that the filing of a federal habeas petition does not toll the statute of limitations. *Id.*; *see Duncan v. Walker*, 533 U.S. 167 (2001).

In sum, if Petitioner seeks to proceed with the "withdraw and abey" procedure under *Kelly*, upon seeking to amend his Petition, he must demonstrate (1) the claims are timely; and (2) the newly-exhausted claims relate back to the original exhausted claims. *Id.* at 1143.

### D. Petitioner's Options.

Because the Petition contains exhausted and unexhausted claims, it is a "mixed" petition and is thus subject to dismissal. To avoid the court dismissing the petition on its own accord, Petitioner may choose one of the following options:

#### 1. First Option: Withdraw and Abey.

Petitioner may opt for the "withdrawal and abeyance" procedure. To do so, he must voluntarily withdraw his unexhausted claims, ask the court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). If Petitioner chooses the "withdraw and abey" option, this court **RECOMMENDS** that the district court order him to file the request for withdrawal and abeyance no

later than **30 days** from the date of the district judge's final order regarding this report and recommendation, and if he fails to file those papers within 30 days, the court sua sponte dismiss the Petition without prejudice.

Petitioner is warned that although under this procedure he is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005).

### 2.     Second Option:  Voluntarily Dismiss the Petition.

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, this court **RECOMMENDS** that the district court order him to file the dismissal papers no later than **30 days** from the date of the district judge's final order regarding this report and recommendation, and if he fails to file dismissal papers within 30 days, the court sua sponte dismiss the Petition without prejudice.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Filing a petition in federal court does not stop the statute of limitations from running. *Id.* at 181-182; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### 3.     Third Option:  Formally Abandon Unexhausted Claims.

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted one(s). *See Rose*, 455 U.S. at 510, 520-521 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, this court **RECOMMENDS** that his notice of intent to dismiss the unexhausted claims be filed no later than **30**

1  **days** from the date of the district judge's final order regarding this report and recommendation, and if he
2  fails to file the notice within 30 days, the court sua sponte dismiss the Petition without prejudice.
3        Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to
4  ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's
5  ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive);
6  *see also* 28 U.S.C. § 2244 (a)-(b).

## CONCLUSION

7
8        For the foregoing reasons, this court **RECOMMENDS** that Petitioner's motion for stay and
9  abeyance be **DENIED** and that Petitioner be instructed on his options for how to proceed with this
10 mixed Petition.
11       This report and recommendation is submitted to the United States District Judge assigned to this
12 case pursuant to 28 U.S.C. § 636(b)(1).
13       **IT IS SO ORDERED** that no later than **June 23, 2010**, any party to this action may file written
14 objections with the Court and serve a copy on all parties. The document should be captioned
15 "Objections to Report and Recommendation."
16       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
17 served on all parties no later than **July 2, 2010**. The parties advised that failure to filed objections
18 within the specified time may waive the right to raise those objections on appeal of the Court's order.
19 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: June 2, 2010

                                            Hon. Nita L. Stormes
                                            U.S. Magistrate Judge
                                            United States District Court