# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES BUCHANAN,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br><br>MATTHEW CATE, Secretary,<br><br>　　　　　　　　　Respondent. | Civil No. 10cv0423-BTM (NLS)<br><br>**ORDER:**<br><br>**(1) DECLINING TO ADOPT THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) GRANTING MOTION FOR STAY AND ABEYANCE; AND**<br><br>**(3) ISSUING A STAY** |

Petitioner, a California prisoner proceeding pro se, initiated this action on February 12, 2010, by constructively filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, contemporaneously with a Motion for Stay and Abeyance.[1] (Doc. Nos. 1-2.) Petitioner challenges a 2006 conviction from the San Diego County Superior Court which resulted in a sentence of 45 years-to-life in state prison. (Pet. at 1-2.) The Petition contains nine claims, only two of which were presented to the California Supreme Court on direct appeal, and the parties agree that the Petition is "mixed" because it contains two exhausted claims and seven unexhausted claims.

---

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). The Court will use the constructive filing dates throughout this Order.

Petitioner's direct appeal ended on November 19, 2008, when the California Supreme Court denied his petition for review. His conviction became final for the purposes of AEDPA's one-year statute of limitations on February 17, 2009, the last day he could have filed a petition for a writ of certiorari in the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, it appears Petitioner initiated this action several days before the statute of limitations was set to expire. However, as discussed below, it is unclear whether the statute of limitations has actually expired, because on September 17, 2009, with five months remaining on the statute of limitations, Petitioner initiated his first full round of state post-conviction review by filing a habeas petition in the trial court in which he claims to have presented six of the seven unexhausted claims. (Pet's Motion for Stay [Doc. No. 2] Ex. A.) That habeas petition was denied on December 29, 2009, on the merits and with a citation to In re Dixon, 41 Cal.2d 756 (1953). (Lodgment No. 11.) Petitioner states that he is in the process of preparing a habeas petition to be filed in the state appellate court, and requests this Court stay his mixed Petition while he concludes his first full round of state habeas proceedings.[2] (Pet's Motion for Stay, attached 2/9/10 Decl. of Pet. at 3.)

Petitioner contends that his claims are meritorious, that he has acted diligently in presenting them to the state courts, and that he has provided the state courts with adequate justification for any delay. (Id. at 1-2 and attached 2/9/10 Decl. of Pet. at 1-4.) He attaches his declaration filed in the state court in which he argued that he should not be held responsible for the failure to raise the claims on direct appeal because: (1) he is overwhelmed by the lengthy and ponderous litigation of his criminal case; (2) he suffers from improperly treated health problems which have interfered with his ability to do legal work while incarcerated; (3) his appointed appellate attorney was replaced without explanation; (4) jail officials limited his access to a law

---

[2] A review of the California Supreme Court website indicates that while this Motion has been pending, Petitioner filed a habeas petition in the appellate court on May 12, 2010, which was denied on May 27, 2010, both on procedural grounds and on the merits, and that he filed a petition for review of that order in the state supreme court on June 17, 2010, which is currently pending after a court-ordered response was filed on July 14, 2010. See http://www.courtinfo.ca.gov (last visited July, 16, 2010); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (court may take judicial notice of relevant state court documents which have a direct relationship to calculation of the statute of limitations). As will be discussed, it is unclear at this time whether Petitioner will be entitled to statutory tolling of the limitations period during this first full round of state post-conviction reivew.

library and interfered with access to his case file, which is incomplete; (5) he was misled and distracted by an undercover FBI informant/agent; and (6) he has unsuccessfully attempted to retain counsel. (Id., attached 9/13/09 Decl. of Pet. at 1-5.)

Respondent opposes a stay, contending that: (1) the unexhausted claims all involve trial issues which Petitioner should have been aware of at the time of trial, and he has not shown good cause for the ten-month delay between the conclusion of his direct appeal and the filing of a habeas petition in the trial court; (2) Petitioner has failed to show that the claims are not plainly meritless; and (3) a stay is unnecessary because five months remained on the statute of limitations when Petitioner began exhausting his claims, and the limitations period is arguably tolled by his state habeas proceedings. (Opp. [Doc. No. 5] at 3-8.) Respondent argues that the denial of the pro se habeas petition by the trial court with a citation to Dixon, which Respondent contends stands for the proposition that a claim is procedurally defaulted if it could have been but was not raised on direct appeal, demonstrates that Petitioner did not establish good cause in the state court for failing to raise the claims on direct appeal. (Opp. at 7-8.)

Petitioner replies that a stay is necessary to protect his right to raise his claims on federal habeas because he risks a determination that the federal statute of limitations will not be tolled during his round of state habeas review if the petitions are denied by the state courts on procedural grounds, which could result in the claims being time-barred or procedurally defaulted in this Court. (Pet.'s Reply [Doc. No. 21] at 1-2.) He also contends that the denial of his claims with a citation to Dixon demonstrates that his appellate counsel rendered ineffective assistance by failing to present the claims on direct appeal. (Id. at 3-5.)

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Nita L. Stormes. (Doc. No. 18.) The Magistrate Judge recommends denying Petitioner's stay motion on the basis that Petitioner has not shown good cause for the delay in exhausting his claims. (R&R at 6.) The Magistrate Judge recommends that the Petition be dismissed unless Petitioner chooses one of three options: (1) abandon his unexhausted claims and proceed only with the exhausted claims; (2) voluntarily dismiss the Petition and file a new federal petition after exhausting his state court remedies; or (3) request

permission to utilize the "withdrawal and abeyance" procedure by withdrawing the unexhausted claims, requesting the Court to stay the proceedings while he exhausts his state court remedies, and requesting permission to file an amended petition which includes all exhausted claims after the claims are exhausted. (R&R at 7-9.) Petitioner has filed Objections to the R&R contending that the Magistrate Judge erred in finding that he has not shown good cause for the failure to raise the claims on direct appeal. (Doc. No. 23.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For the following reasons, the Court **DECLINES TO ADOPT** the Magistrate Judge's findings and conclusions, **GRANTS** Petitioner's Motion and **ISSUES** a stay.

## I. Legal Standards

The United States Supreme Court has held that district courts have limited discretion to stay federal habeas proceedings and hold a mixed habeas petition in abeyance while a petitioner returns to state court for purposes of exhaustion. Rhines v. Weber, 544 U.S. 269, 276-78 (2005). The Rhines Court cautioned that: "Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes" of reducing delay and promoting the finality of state convictions, and the overuse of the procedure would frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." Id. at 277. Nevertheless, the Court noted that a district court would likely abuse its discretion in denying such a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Supreme Court has not articulated what constitutes good cause under Rhines, but the Ninth Circuit has held that it is a less stringent standard than what constitutes good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause

of the delay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). In addition, the Ninth Circuit has "left for another day" the determination whether the "withdrawal and abeyance" procedure remains viable after Rhines. Jackson, 425 F.3d at 661.

Although the Ninth Circuit has not defined the exact contours of the good cause element, the Magistrate Judge noted that several district courts have weighed in on what constitutes good cause under Rhines, ranging from requiring an "objective factor external to the petitioner" on one end of the spectrum to "excusable neglect" on the other. (R&R at 5-6.) In fact, one district court has simply required "a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs." Briscoe v. Scribner, 2005 WL 3500499 at *2 (E.D. Cal. 2005) (unpublished memorandum).

**II.     Analysis**

The determination as to whether a stay is appropriate in this case involves a number of considerations not addressed in the R&R, due in part to the fact that Petitioner presented his claims to the state supreme court after the R&R was filed. In addition, it appears that a determination as to whether Petitioner can establish good cause under Rhines is premature. For these reasons, the Court **DECLINES TO ADOPT** the findings and conclusions of the Magistrate Judge, and will address Petitioner's Motion in the first instance.

Before turning to application of Rhines, the Court notes that the parties can only assume at this point that the claims are unexhausted. The claims may in fact be exhausted if Petitioner no longer has state court remedies available.[3] While this Motion has been pending, Petitioner filed a petition for review in the state supreme court, which itself is now pending. A copy of that petition has not been lodged with this Court, and it is unclear whether any or all the unexhausted

---

[3] The exhaustion requirement is satisfied if Petitioner no longer has state court remedies available to him. Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him."), quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991); see also 28 U.S.C.A. § 2254(c) (West 2006) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") In such a situation the claims would likely be procedurally defaulted in this Court. Coleman, 501 U.S. at 735 n.* (holding that a procedural default arises when a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

claims were presented. Assuming the unexhausted claims were presented in the petition for review, Petitioner will have exhausted his state court remedies as soon as the state supreme court rules on his petition. If the state supreme court imposes a procedural bar, however, it might establish that Petitioner did not have state court remedies available to him at the time he attempted to exhaust his claims. The state supreme court may also address the merits of the claims, reopen the proceedings or even grant relief, thereby impacting Rhines' "finality of judgment" consideration. In any case, it appears that Petitioner will shortly have exhausted his state court remedies as to all his claims, whether because he would have received a judicial determination by the state's highest court, or because the state courts will have imposed a procedural bar indicating that Petitioner did not have available state remedies at the time he presented his unexhausted claims, or because he will have used his one full round of state post-conviction relief and will no longer have state court remedies available.

  Assuming the claims are unexhausted, and Rhines applies, the Court must first consider whether the claims are plainly meritless and whether Petitioner has engaged in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The unexhausted claims allege prosecutorial misconduct, use of perjured testimony, violations of Brady v. Maryland, 373 U.S. 83, 87 (1963), judicial bias, and shackling in view of the jury. (See Pet. at 6-9.) The claims are not plainly without merit. See e.g. Cassett, 406 F.3d at 624 (finding that a claim is colorable within the meaning of 28 U.S.C. § 2254(b)(2) unless "it is perfectly clear that the petitioner has no hope of prevailing.") Moreover, Petitioner initiated his first full round of state post-conviction review with five months remaining on the statute of limitations, and he is diligently proceeding through that process. Thus, there is nothing in the record to support a finding that Petitioner has engaged in dilatory litigation tactics. See Rhines, 544 U.S. at 277-78.

  The next Rhines consideration is whether Petitioner has established good cause for the delay in exhausting his state court remedies. Assuming the claims should have been presented on direct appeal, as appears likely, Respondent contends the delay should be measured from the date direct appeal concluded until Petitioner filed his first state habeas petition, approximately ten months. The delay Rhines sought to avoid, however, arises from a "balance between the

1 congressional intent behind AEDPA - to reduce delays in the execution of state and federal
2 criminal sentences, . . . and the preservation of petitioner's rights to federal review of their
3 claims." Valdovinos v. McGrath, 598 F.3d 568, 574 (9th Cir. 2010), quoting Rhines, 544 U.S.
4 at 276-77.)  If Petitioner is entitled to statutory tolling during his complete first full round of
5 state habeas proceedings and the statute of limitations has therefore not yet expired, or if the
6 state supreme court reopens state proceedings or grants relief, there may be no "delay"
7 whatsoever within the meaning of Rhines.  Even if the delay is measured by the approximately
8 five months these proceedings have been delayed while the instant Motion has been pending,
9 or what appears to be a relatively short further delay until the state supreme court rules on the
10 pending petition for review, such a delay does not appear to be so severe as to outweigh
11 Petitioner's right to federal review of his claims.  Respondent asserts that the statute of
12 limitations has not yet expired, and therefore the same result could be obtained by dismissing
13 the Petition without prejudice to initiate new federal habeas proceedings after exhaustion.  If the
14 Court were to pursue that course, however, there remains the possibility that Petitioner would
15 not be entitled to statutory tolling due to imposition of state procedural bars, and he would have
16 lost the opportunity to raise any of his claims in a federal habeas proceeding, including the
17 claims which are now clearly exhausted.  The relatively short delay required for the state court
18 determination to be made, when balanced against Petitioner's right to have his federal habeas
19 claims addressed, counsels in favor of a stay.  In any case, Respondent would not be prejudiced
20 by a stay rather than dismissal because the statute of limitations and procedural default defenses
21 can be raised after the stay has been lifted.

22 Additionally, the Rhines good cause standard has not yet been fully developed, and
23 Petitioner sets forth a number of reasons for the failure to raise the claims on direct appeal which
24 have a potential to satisfy the various manifestations of that standard.  (See R&R at 5.)  In
25 addition to those reasons, he argues ineffective assistance of appellate counsel. (Pet.'s Reply at
26 3-5.)  Expansion of the record appears necessary to determine the verity and effect of those
27 reasons, and Petitioner would almost certainly have exhausted his state court remedies before
28 the record could be expanded and examined, resulting in a longer and perhaps unnecessary delay.

### III. Conclusion

The stay and abeyance standard of Rhines requires respect for AEDPA's twin purposes of preventing delay and respecting the finality of state court judgments, and is relegated to the discretion of the Court. As noted above, Petitioner began exhausting his state court remedies with five months left on the statute of limitations. Petitioner has been diligent in proceeding through his first full round of state post-conviction review, which should soon conclude. It is not yet clear whether and to what extent the state supreme court will address the merits of the claims or subject them to procedural bars, and it is not yet clear whether the statute of limitations has expired. If the statute of limitations has not yet expired, as Respondent admits is possible, then no delay within the meaning and purpose of AEDPA will result from issuance of a stay, and Respondent will not be prejudiced in the ability to raise any affirmative defenses. If there is a delay, it will likely be short, and a longer delay may result from denying a stay. These reasons all support staying this action until what appears to be an imminent conclusion to Petitioner's state post-conviction proceedings. The Court notes that once the state supreme court rules on the pending petition for review, the stay will be lifted and this action will proceed on the claims presented in the federal Petition. If Petitioner has failed to present any of those claims to the state supreme court, or if any of those claims were rejected on the basis of procedural bars, Respondent remains free to argue, once the stay has lifted, that such claims are unexhausted, untimely and/or procedurally defaulted in this Court.

### IV. Order

For the reasons set forth above, the Court **DECLINES TO ADOPT** the findings and conclusions of the Magistrate Judge, **GRANTS** Petitioner's Motion for Stay and Abeyance, and **ISSUES** a stay. This action is stayed until thirty (30) days after the state supreme court rules on the petition for review now pending in that court. Respondent and Petitioner shall immediately notify this Court upon of the disposition of the petition for review.

**IT IS SO ORDERED.**

DATED: July 23, 2010

Honorable Barry Ted Moskowitz
United States District Judge