1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | RICHARD CHARLES BUCHANAN, | ) Civil No. 10cv423 BTM (NLS) |
| 11 | Petitioner, | ) ORDER DENYING MOTION TO AMEND |
| | v. | ) FINDINGS [Docket No. 79]; GRANTING |
| 12 | | ) LEAVE TO FILE ADDENDUM TO FIRST |
| | MATTHEW CATE, Secretary; and | ) AMENDED PETITION [Docket No. 80]; |
| 13 | EDMUND G. BROWN, JR., the Attorney | ) GRANTING MOTION FOR LEAVE TO |
| | General of the State of California, | ) CORRECT TYPOGRAPHICAL ERRORS |
| 14 | | ) [Docket No. 81]; and GRANTING |
| | Respondents. | ) REQUEST FOR SERVICE OF MARDSEN |
| 15 | | ) HEARING TRANSCRIPTS. [Docket No. |
| | | ) 83.] |
| 16 | _____ | ) |

17    I.     **INTRODUCTION**

18          On February 22, 2010, Petitioner Richard Charles Buchanan ("Petitioner"), a state prisoner

19    proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  [Docket No.

20    1.] Petitioner is a California prisoner serving a term of forty-five years to life plus ten years who is

21    challenging his convictions for kidnapping for extortion, assault with a semi-automatic firearm, making

22    a criminal threat, being a felon in possession of a firearm, transportation of a controlled substance,

23    possession of a controlled substance for sale, and possession of a controlled substance.  (Lodgment 7 at

24    1-2.)

25          On December 9, 2010, Petitioner filed the First Amended Petition ("FAP"), the active pleading

26    in this case.  [Docket No. 40.]  On the same day, Petitioner moved to have exhibits from his original

27    Petition attached to the FAP and that motion was granted on December 14, 2010.  [Docket No. 43.]  On

28    March 9, 2011, Respondent filed an Answer to the FAP.  [Docket No. 51.]

On March 24, 2011, Petitioner filed a Motion for Discovery [Docket No. 53.]  On or about April 28, 2011, Petitioner filed a motion for Judicial Notice [Docket No. 60], a Motion for Sanctions [Docket No. 61], and a Motion to Compel Respondent to Comply with Order [Docket No. 63 hereinafter "Motion to Compel".]  On May 9, 2011, Petitioner filed a Second Motion for Judicial Notice.  [Docket No. 64.]  On May 25, 2011, the Court issued an Order Denying the Motion for Discovery; Granting in Part and Denying in Part Motion for Judicial Notice; Denying Motion for Sanctions; Denying Motion to Compel Respondent to Comply with Order; and Granting Motion for Judicial Notice; and Requiring Supplemental Lodgments. [Docket No. 68, hereinafter "The Order."]

On June 17, 2011, Petitioner filed a Motion to Amend Findings.  [Docket No. 79.]  On June 24, Petitioner filed: 1)  a Motion for Advance Leave to File Second Amended Petition [Docket No. 80]; 2) a Motion to Correct Two Typos/Errors [Docket No. 81]; and 3) an Ex Parte Motion re: 6/8/11 Order Requiring Clerk's Office to Serve Petitioner Copy of Marsden Transcripts Be Completed and Missing Pages Provided [Docket No. 83.]  The Court will address each motion in turn.

## II.        MOTION TO AMEND FINDINGS

### A.        Appropriate Rules Governing Request

Petitioner filed a "Motion to Amend Findings Pursuant to Fed. R. Civ.P. 52(b), 60(a)(b)(6) in 28 U.S.C. § 2253 Habeas Corpus Case." Although not entirely clear, Petitioner appears to ask the court to reconsider the parts of the Order denying the request for an order requiring a supplemental answer and denying request for discovery.  Rule 52(b) states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b).  Rule 52 is applicable only after judgment has been entered.  *Hensley v. U.S. Dist. Court Eastern Dist. of Ca.*, 2008 WL 686816 (E. D. Cal. March 10, 2008); *McNeil v. U.S.* 2006 WL 581081 (W.D. Wash. March 08, 2006).  As no judgment has been entered in this case, Rule 52 does not apply.

//

//

//

//

10cv423 BTM (NLS)

Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).  Because Petitioner is not seeking to correct a clerical mistake by the court, Rule 60(a) does not apply.  Rule 60(b) provides;

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60, by its terms, applies only to "final orders" and does not apply to interlocutory orders.  Fed. R. Civ. P. 60(b).  The advisory committee's notes make this clear:  "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.";  *see also Abada v. Charles Schwab& Co., Inc.*, 127 F.Supp.2d 1101 (S.D. Cal. 2000).  An order is final if it terminates the litigation subject only to the right of appeal.  *Corn v. Guam Coral Co.*, 318 F.2s 622, 628-29 (9th Cir. 1963); *see also Corcoran v. Small*, 2009 WL 2095986 (C.D. Cal July 14, 2009)(Order denying motion to stay habeas petition not final order under Rule 60); *Sonderfan v. Washoe County*, 2009 WL 901933 (D. Nev. March 25, 2009)(Order dismissing some, but not all, claims in habeas petition not final order).  The Order did not resolve all the issues in this case and is not a final order.  Accordingly, Rule 60(b) does not apply.

10cv423 BTM (NLS)

The Court maintains an inherent authority to reconsider all interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir.1996); *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1102 (S.D.Cal. 2000). Accordingly, the Court construes Petitioner's Motion as one for reconsideration.[1] Reconsideration is appropriate when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Campion v. Old Republic Home Protection Co., Inc.* 2011 WL 1935967 (S. D. Cal. May 20, 2011), *quoting School Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (applying standards for post judgment motion for reconsideration under Fed. R. Civ. P. 59(e)). In this case, Petitioner appears to argue that the court committed clear error or that the decision was manifestly unjust.

### B.   Denial of Request to Compel a Further Answer

Petitioner seeks reconsideration of the Court's denial of the part of the Motion to Compel seeking to require Respondent to address Exhibits attached to the FAP. In particular, Petitioner asserts the following finding was in error: "Accordingly, Petitioner has pointed to no examples where Respondent has failed to address relevant exhibits and the Court declines to Order the Respondent to respond to unidentified exhibits in the FAP." (Order at 7-8.) Petitioner argues he identified Exhibits Four and Five as exhibits which Respondents failed to address in the Answer. [Docket No. 79 at 3-4]. In the Motion to Compel, Petitioner stated generally that "Exhibits Three, Four and Five (Reporter's Transcripts (RT) Excerpts, specifically cited, and material to merits of claims) that Respondent appears to have completely ignored refering [sic] to while preparing 'Respondents [sic] Answer to the FAP', Dated March 02, 2011." Petitioner then added: "For example, at Page 9, fn 3, the Respondent claims 'Exhibit Six' is not included in FAP." (Motion to Compel at 3-4.) The Order found that Respondent had addressed Exhibit Six and that no other exhibits were alleged to have been ignored by Respondent.

Petitioner now argues that he specified a failure to respond to Exhibits Four and Five and the Court did not address his concerns. Petitioner is mistaken. As explained in the Order, Petitioner had

---

[1]Because the Court is construing this motion as a request for reconsideration, and in order to preserve all of his rights to review, Petitioner may file Objections to the Order to the District Court Judge pursuant to Federal Rule of Civil Procedure 72(a) within 14 days after being served with this Order.

1   received "piecemeal" a copy of the Reporter's Transcript of his trial from severed co-defendant Rodney

2   Brooks (the "Piecemeal RT"').  The pagination and content of  Petitioner's Piecemeal RT does not match

3   the Reporter's Transcript lodged by Respondent.  Petitioner argued in the Motion to Compel that

4   Respondent improperly relied upon the Reporter's Transcript contained in the Lodgments and asked the

5   Court to require Respondent to acquire a copy of the Piecemeal RT, lodge it with the Court and use only

6   it in relation to this action.  Specifically, Petitioner argued on page 4 of the original motion "Respondent

7   should have referred to Exhibits attached and incorporated to the FAP, Itself, not some set of altered RT

8   not incorporated to FAP or connected to it at all."  (Motion to Compel at 4.)  Petitioner then moves on to

9   Item 3, the request that the Court require everyone to use the Piecemeal RT.  The Order rejected this

10  request: "The Court declines to order everyone to use the wrong transcript.  Respondent has lodged the

11  correct Reporter's Transcript with this court and served the correct Reporter's Transcript on Petitioner.

12  Petitioner is entitled to no more."  [Order at 8.]

13        The Order's finding that Petitioner had pointed to no failure to address relevant exhibits must be

14  read in conjunction with the ruling that Respondent could not be forced to refer to and use the wrong

15  transcript.  The Court perceives neither clear error nor manifest injustice from requiring all parties to use

16  the correct Reporters Transcript, as lodged by Respondent.  Moreover, Respondent filed an Answer

17  consisting of  21 pages and an additional 18 pages of analysis in the Memorandum of Points and

18  Authorities in Support of the Answer.  This Answer satisfies Respondent's duty to Answer the Petition.

19  Finally, there can be no manifest injustice in the Order's denial of a request for a more extensive Answer

20  as the Court will respond to all the claims in the FAP regardless of whether Respondent has availed

21  itself of the opportunity to address each and every exhibit attached to the FAP.  Accordingly, the Motion

22  to Reconsider the Order Denying the Request for a Supplemental Answer is DENIED.

23        **C.    Request for Reconsideration of  Motion for Discovery**

24        As described in the Order, Petitioner is seeking: "discovery related to Mr. Torres, the victim in

25  the kidnaping charge for which Petitioner was convicted:  1) information about the existence of a

26  wiretap on Ernesto Torres; 2) a copy of an up to date "Parolee Detail Record" for Mr. Torres; and 3) a

27  copy of the records of the Parole Agent assigned to Mr. Torres.  (Mtn at 1-3.)"  [Order at 11.]  Discovery

28  is generally not allowed in habeas proceedings. *Bittaker v. Woodford*, 331 F.3d 715., 728 (9th Cir. 2003)

1   "Petitioner must present specific factual allegations that demonstrate that there is good reason to believe

2   that the Petitioner may, through discovery, be able to gather sufficient evidence to entitle him to relief."

3   *Bracy v. Bramley*, 520 U.S. 899, 904, 908-09 (1997).

4       Petitioner argues that the evidence he sought to compel in the Request for Discovery is relevant

5   to various grounds in the FAP.  As noted in the Order, Petitioner failed to indicate in his motion for

6   discovery the claims of the FAP to which the sought discovery was relevant.  In fact, the only argument

7   in the original motion was that Mr. Torres was a witness for the prosecution and the state should have

8   obtained (and turned over) more information about Mr. Torres.  [Motion at 9.]  Petitioner also mentions

9   in a footnote that Office McIver's testimony about the vehicle stop that led to the arrest and conviction

10  conflicts with a police dispatch tape.  [Mtn at fn, p10.]

11      In the Order, the Court examined Claim 2, the Fourth Amendment claim, and found the

12  discovery sought was not likely to lead to evidence entitling Petitioner to relief  because: 1) the Fourth

13  Amendment Claim is not cognizable in federal habeas because Petitioner had a full and fair opportunity

14  to litigate the claim in state court [Order at 12, *citing Ortiz-Sandoval v. Gomez* 81 F.3d 891 (9th Cir.

15  1996)]; 2) The Fourth Amendment Claim is barred by a failure to raise it on direct appeal [Order at 12,

16  citing *In re Dixon* 41 Cal.2d 756 (1953)]; and 3) The traffic stop was supported by the independent

17  evidence from the wiretaps, rendering evidence that the asserted justification was false irrelevant.

18  [Order at 12, *citing* Lodgement 27 at 128-132.]

19      The Court also looked at Claim 4, the *Brady* claim.  The Court found that this Claim was barred

20  by *Dixon* and there could be no good cause for discovery of a barred claim.  Moreover, even if the claim

21  is not barred, Petitioner has shown no reason to believe that the discovery sought would lead to

22  impeachment evidence, no less a likelihood of gathering sufficient evidence to entitle him to relief.

23      Petitioner now asserts for the first time that the discovery sought is relevant to claims 1, 2, 4, 7

24  and 9.  A motion for reconsideration, however, is not a second bite at the apple and not a method to raise

25  arguments that could have been raised earlier.  *Kona Enters., Inc. v. Estate of Bishop*, 239 F.3d 877, 890

26  (9th Cir. 2000).  Nonetheless, in the interests of completeness, the Court will examine the arguments

27  made by Petitioner.

28      Petitioner now claims that the evidence sought about Mr. Torres is relevant to Claim 9, the

1  ineffective assistance of counsel claim.[2]  Petitioner asserts that his counsel's failure to investigate the

2  police's knowledge of the location of Mr. Torres prior to the traffic stop will prove ineffective assistance

3  of counsel.  Petitioner further asserts that the evidence would have shown that the police used a pretext

4  for the traffic stop resulting in his arrest and conviction.  As described in the Order, the trial court found

5  that the traffic stop was supported by the probable cause from the evidence collected pursuant to the

6  wiretaps.  [Order at 3, *citing* Lodgement 27.]   Accordingly, evidence that the police used a pretext (the

7  search for a parolee at large) to stop the vehicle instead of revealing the existence of the wiretaps is

8  irrelevant.  It is as irrelevant to the ineffective assistance of counsel claim as it was to the Fourth

9  Amendment Claim.  Accordingly, there is no reason to believe that discovery of the pretext issue is

10  likely to lead to evidence that would entitle Petitioner to relief.

11        Similarly, the discovery sought is also irrelevant to the Ground 1, the use of perjured testimony,

12  because it was not improper for the police to give a false pretext when stopping the vehicle and not

13  improper for their testimony to fail to match the pretext given.  The Court perceives neither clear error

14  nor manifest injustice from the conclusion that the discovery sought is not likely to lead to evidence that

15  would entitle Petitioner to relief.  Accordingly, the Motion to Reconsider the Order Denying Discovery

16  in this habeas action is DENIED.

17  **III.    MOTION FOR ADVANCE LEAVE TO FILE SECOND AMENDED PETITION**

18        Petitioner seeks leave to file a Second Amended Petition solely for the purpose of correcting the

19  citations to the Piecemeal RT to citations to the RT lodged.  [Docket No. 80.]  Because Petitioner is not

20  asserting any desire to add either new claims or new support to existing claims, the Court construes this

21  Motion as Leave to file an Addendum to the FAP.  Petitioner asserts that his use of the Piecemeal RT

22  was not an intentional affront to the Court.  The Court accepts as true Petitioner's assertion that his use

23  of the Piecemeal Transcript was innocent of any wrongdoing and applauds Petitioner's  intent to provide

24  accurate citations to the court.  Accordingly, the Motion is Granted and Petitioner may file an

25  Addendum to the FAP, for the sole purpose of providing correct citations to the Official RT for any

26  _____

27        [2] Petitioner argues on page 5 of his motion that the wire tape evidence sought "is mentioned" in
   Claim 7, the Prosecutorial Misconduct claim.  This is not an argument as to the existence of good cause

28  to believe that the discovery sought will enable Petitioner to gather sufficient evidence to entitle him to
   relief.

1   citations to the Piecemeal RT in the FAP.  Petitioner is specifically instructed not to attempt to add any

2   additional claims or any additional support for existing claims.  Petitioner may file the Addendum no

3   later than August 15, 2011.

4   **IV.     MOTION TO CORRECT ERRORS**

5           In this motion [Docket No. 81] Petitioner asks the Court to correct two errors in his

6   Memorandum of Points and Authorities in support of his Traverse [Docket No. 77], relating to incorrect

7   numbers written on pages 3 and 8.  The Court has no reason to doubt that Petitioner inadvertently wrote

8   the wrong numbers on his Traverse.  Accordingly, Petitioner is granted leave to file corrected page

9   numbers 3 and 8 and the Clerk of Court is directed to substitute the corrected pages when filed.

10  **V.     REQUEST FOR SERVICE OF COMPLETE MARSDEN TRANSCRIPTS**

11          On June 8, 2011, the Court issued an Order Requiring the Clerk's Office to Serve Petitioner with

12  a Copy of two Marsden Transcripts Lodged by Respondent.  [Docket No. 75.]  In this Motion [Docket

13  No. 83], Petitioner claims that he did not receive pages 319 and 328-332 of the Reporter's Transcript

14  Volume 5-A, containing the Marsden hearing transcripts.  In order to give Petitioner full access to the

15  transcripts, the Motion is Granted and the Clerk's Office is directed to reserve the pages which Petitioner

16  claims he never received.

17  **VI.     CONCLUSION**

18          For the foregoing reasons, It Is Hereby Ordered that:

19          1.      The Motion to Amend Findings is DENIED;

20          2.      The Motion for Leave to File a Second Amended Petition is construed as a

21                  Motion for Leave to File an Addendum; the motion is GRANTED and Petitioner

22                  may, no later than **August 15, 2011**, file an Addendum to the First Amended

23                  Petition for the sole purpose of correcting citations to the Piecemeal RT to

24                  citations to the Official RT;

25          3.      The Motion to Correct Errors is GRANTED and Petitioner may file corrected

26                  pages no later than **August 15, 2011** and the Clerk's Office is Directed to Replace

27                  the original pages with the corrected pages when they are filed; and

28          4.      The Request for Complete Service of the Marsden Transcripts is GRANTED and

1    the Clerk's Office is Directed to Serve Petitioner with pages 319 and 328-332 of

2    the Reporter's Transcript Volume 5-A.

3         IT IS SO ORDERED.

4

5    DATED:  July 20, 2011

6

7    Hon. Nita L. Stormes
     U.S. Magistrate Judge
8    United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv423 BTM (NLS)