# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES BUCHANAN,<br><br>                  Petitioner,<br>vs.<br><br>MATTHEW CATE, Secretary,<br><br>                  Respondent. | Civil No. 10cv0423-BTM (NLS)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S PRETRIAL RULINGS** |

    Petitioner is a California prisoner proceeding pro se with a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 40.) Petitioner has filed Objections (Doc. Nos. 95, 97) to the ruling of United States Magistrate Judge Nita L. Stormes granting in part and denying in part his Motion to compel production of documents (Doc. No. 63), denying his Motion for discovery (Doc. No. 53), denying his Motion for sanctions (Doc. No. 61), and denying his Motion to file a Second Amended Petition (Doc. No. 80). Finding no error in the Magistrate Judge's rulings, the Court **OVERRULES** Petitioner's Objections.[1]

**1.    Motion to Compel**

    In his Motion to compel, Petitioner contends that Respondent has not complied with this Court's order directing a response, in particular that portion of the order which states: "At the

---

[1] See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); see also Fed.R.Civ.P. 72(a) ("A party may serve and file objections to [an order of a Magistrate Judge regarding a non-dispositive pretrial matter] . . .The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")

time the answer is filed, Respondents shall lodge with the Court all records bearing on the merits of Petitioner's claims." (Doc. No. 29.) Petitioner moved to compel Respondent to: (1) acquire and lodge a copy of the Reporter's Transcript of Petitioner's trial which was prepared for use by codefendant Rodney Brooks in his own criminal proceedings, excerpts of which Petitioner has attached to and incorporated into the First Amended Petition and which are identical to but paginated differently than the trial transcript prepared for Petitioner's appeal and lodged by Respondent; (2) acquire and lodge with the Court a copy of Petitioner's preliminary hearing transcript and any audio recordings of his criminal proceedings; (3) refer to the exhibits attached to and incorporated into the First Amended Petition when preparing the Answer; (4) recognize that statements made by Petitioner and contained in the First Amended Petition and in documents incorporated therein and appended thereto have been made under penalty of perjury; and (5) lodge with the Court: (a) wiretap evidence supporting the testimony of a police detective whom Petitioner contends committed perjury; (b) Marsden hearing transcripts; and (c) complete transcripts of codefendant Rodney Brooks' criminal proceedings. (Doc. No. 63 at 2-6.)

The Magistrate Judge, in a thorough and well-reasoned order, granted in part and denied in part the Motion to compel. (Doc. No. 68.) Respondent was directed to lodge the Marsden transcripts with the Court (id. at 7), and was directed to lodge complete copies of certain transcripts which appeared to be incomplete (id. at 8), and has done so. (See Doc. No. 74.) Petitioner's request for audiotapes was denied as not probative of any issue in the case and because there is no evidence they exist; his request that Respondent acknowledge that Petitioner's statements were made under penalty of perjury was denied as unnecessary; the request to lodge a copy of the preliminary hearing transcript was denied because it had already been lodged with the Court; the request to compel Respondent to lodge transcripts from co-defendant Brooks' trial was denied because transcripts of another criminal proceeding did not fall within the Court's order to respond; and the Court declined to direct Respondent to use and refer to the Reporter's Transcript which Petitioner chose to use to support his petition, finding that Petitioner erroneously chose to use a piecemeal transcript prepared for use by codefendant Brooks rather than the complete transcript prepared for his own appeal. (Doc. No. 68 at 6-9.)

1  Petitioner contends it is manifestly unjust for the Magistrate Judge to require all parties
2  to use the Reporter's Transcript lodged by Respondent, which was prepared for Petitioner's
3  appeal, rather that the piecemeal transcript of Petitioner's trial prepared for use by his
4  codefendant, which Petitioner contends is identical but for the page numbers. (Doc. No. 97 at
5  2.) This ruling is not clearly erroneous or contrary to law and the objection is overruled.

6  Petitioner next argues that the Reporter's and Clerk's Transcript of codefendant Brooks'
7  criminal proceedings are relevant to a number of his claims because Brooks "successfully
8  defended himself, conscientiously putting the prosecution evidence (used to convict Petitioner
9  at trial) through a true adversarial process." (Id. at 3-4.) The Magistrate Judge was correct in
10 observing that the order to respond in this case, which was issued pursuant to Rule 5 of the Rules
11 following 28 U.S.C. § 2254 cases, does not require Respondent to lodge the transcripts of
12 Petitioner's codefendant's criminal proceedings. See Rule 5 foll. 28 U.S.C. § 2254 ("The
13 respondent must attach to the answer parts of the transcript that the respondent considers
14 relevant.") (emphasis added). Finding no error in the Magistrate Judge's ruling, Petitioner's
15 objections are overruled. To the extent this request can be construed as a request to expand the
16 record under Rule 7 of the Rules following 28 U.S.C. § 2254 cases, the Court will consider,
17 when reviewing the anticipated Report and Recommendation of the Magistrate Judge regarding
18 the merits of Petitioner's claims and/or Respondent's procedural defenses, whether good cause
19 has been shown to expand the record to include transcripts from Brooks' trial.

20 Finally, Petitioner objects to the ruling that Respondent should not be compelled to lodge
21 wiretap evidence or admit that it does not exist. (Id. at 3.) Petitioner has not shown the
22 Magistrate Judge's ruling with respect to the motion to compel Respondent to lodge this material
23 (or any audiotapes) is clearly erroneous or contrary to law, as such material is properly sought
24 either through the discovery process or expansion of the record. Petitioner's objection is
25 addressed below in relation to his discovery motion requesting this material.

26 **2.    Motion for Discovery**

27 Petitioner seeks discovery related to the victim of the kidnaping charge upon which he
28 was convicted, including any wiretap information, information regarding the victim's parole and

1  prison records, and records regarding the victim's parole officer. (Doc. No. at 53 at 1-4.) The
2  Magistrate Judge found that although such information is potentially relevant to Claims 2 and
3  4 in the First Amended Petition, discovery is not appropriate because Claim 2, alleging a
4  violation of the Fourth Amendment, is not cognizable in this action, is procedurally barred under
5  In re Dixon, 41 Cal.2d 756 (1953), and is without merit, and Claim 4, alleging a failure to turn
6  over exculpatory evidence, is procedurally barred under Dixon and discovery is unnecessary for
7  the resolution of the claim. (Doc. No. 68 at 11-13.)

8  Petitioner argues at length regarding the relevance of this evidence and the correctness
9  of the Magistrate Judge's ruling regarding cognizablilty, procedural default and the merits of his
10 claims. (Doc. No. 97 at 5-17.) Petitioner has not, however, demonstrated that the Magistrate
11 Judge's ruling is clearly erroneous or contrary to law.[2] Nevertheless, because Respondent has
12 raised issues of procedural default and non-cognizability in the Answer with respect to the
13 claims for which Petitioner contends this material is relevant, the Court will revisit Petitioner's
14 discovery request when reviewing the anticipated Report and Recommendation of the Magistrate
15 Judge with respect to the merits of the claims and/or procedural defenses. Petitioner's objections
16 are therefore overruled without prejudice.

17 **3.  Motion for Sanctions**

18 Petitioner requests the Court to impose sanctions against Respondent for failing to comply
19 with the order to respond as described in the Motion to compel, and for lodging a Reporter's
20 Transcript with different page numbers than those submitted by Petitioner without notifying the

---

[2] Intervening caselaw will likely result in reevaluation by the Magistrate Judge regarding the finding that Petitioner's claims are procedurally defaulted under Dixon. See Trigueros v. Adams, –F.3d–, 2011 WL 4060503 at *5-7 (9th Cir. Sept. 14, 2011) (holding that California Supreme Court's summary denial of habeas petition could not be read to apply a procedural bar, and rendered the lower court's application of a procedural bar incorrect, because the state supreme court requested briefing on the merits of the petition, received briefing on the procedural issue, and did not provide a citation indicating it was applying the bar), citing In re Robbins, 18 Cal.4th 770, 814-15 n.34 (1998) ("[W]hen respondent asserts that a particular claim or subclaim should be barred under . . . Dixon . . . and when, nevertheless, our order disposing of a habeas corpus petition does not impose the proposed bar or bars as to that claim or subclaim, this signifies that we have considered respondent's assertion and have determined that the claim or subclaim is not barred on the cited ground or grounds."). Nevertheless, since the Magistrate Judge's ruling was predicated on alternate grounds which Petitioner has not successfully challenged, the denial of the discovery motion was not clearly erroneous or contrary to law. In any event, Petitioner will be afforded the opportunity to present his arguments in response to the anticipated Report and Recommendation.

Court as to the discrepancy. (Doc. No. 61 at 1-2.) The Magistrate Judge correctly found that Respondent had not failed to comply with the order to respond, that it was Petitioner who had submitted Reporter's Transcripts prepared for his codefendant, and that sanctions were in any case unwarranted. (Doc. No. 68 at 9-10.) Finding no error, Petitioner's objections are overruled.

**4.    Motion to file a Second Amended Petition**

In his Motion for leave to file a Second Amended Petition, Petitioner sought leave to amend the First Amended Petition in order to correct the Reporter's Transcript pages to conform with the copy lodged by Respondent. (Doc. No. 80 at 1-2.) Because Petitioner was not seeking to add new claims or new support for his existing claims, but merely wished to provide correct Reporter's Transcript citations, the Magistrate Judge construed the Motion as a request for leave to file an Addendum to the First Amended Petition and granted the request. (Doc. No. 84 at 7-8.) Petitioner has since filed his Addendum which contains a conversion chart from the piecemeal transcript citations used in the First Amended Petition to citations to the official transcript lodged by Respondent. (Doc. No. 93.) Petitioner objects to the Magistrate Judge's ruling, contending this case is complex, and that it has become more complex because of the pagination discrepancies, because he is a layman at law, and because his housing status makes it difficult for him to make copies. (Doc. No. 97 at 17-18.) Finding no error in the Magistrate Judge's ruling, Petitioner's objections are overruled.

**5.    Conclusion and Order**

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections to the Magistrate Judge's rulings as set forth above.

**IT IS SO ORDERED.**

DATED: September 19, 2011

Honorable Barry Ted Moskowitz
United States District Judge